# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| TAMIKA DRUMMOND,<br><br>    PLAINTIFF,<br><br>    vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC.,<br>a Georgia limited liability company,<br><br>TRANS UNION, LLC, an Illinois limited liability company,<br><br>FIRST PREMIER BANK, a foreign bank,<br><br>FIRST SAVINGS BANK, a foreign bank,<br><br>PHOENIX RECOVERY GROUP d/b/a TOLTECA ENTERPRISES, INC., a domestic corporation,<br><br>    DEFENDANTS. | Case No.: 20-cv-01286<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, TAMIKA DRUMMOND, by and through her attorneys of record, and for her Complaint against the Defendants, would respectfully show the Court as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Western District of Texas San Antonio Division, pursuant to 28 U.S. Code §1391 as the Defendants have sufficient minimum contacts to conduct business in the State of Texas.

## PARTIES

4. Plaintiff is a natural person residing in City of San Antonio, Bexar County, Texas. Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681, *et seq*, at §1681a(c).

5. The Defendants to this lawsuit are:

   a. Equifax Information Services LLC ("Equifax"), a foreign limited liability company that conducts business in the State of Texas, and may be served with process through its Registered Agent, Corporation Service Company at 211 E. 7th Street Suite 620 Austin, TX 78701.

   b. Trans Union, LLC ("Trans Union"), a foreign limited liability company that conducts business in the State of Texas, and may be served with process through its Registered Agent, The Prentice Hall Corporation System at 211 E. 7th Street Suite 620 Austin, TX 78701.

    c. First Premier Bank ("First Premier"), a foreign bank that conducts business in the State of Texas.

    d. First Savings Bank ("First Savings"), a foreign bank that conducts business in the State of Texas.

    e. Phoenix Recovery Group d/b/a Tolteca Enterprises, Inc. ("PRG"), a domestic corporation that conducts business in the State of Texas, and may be served with process through its Resident Agent, Frank Gamboa at 2939 Mossrock Suite 220 San Antonio, TX 78230.

## GENERAL ALLEGATIONS

6. First Premier, First Savings and PRG (collectively "Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") with the erroneous and damaging notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit files.

7. First Premier is inaccurately reporting its Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit files.

8. First Savings is inaccurately reporting two of its Errant Tradelines with an erroneous notation of "account in dispute." The first Errant Tradeline was reported on Plaintiff's Equifax credit file while the second Errant Tradeline was reported on Plaintiff's Trans Union credit file.

9. PRG is inaccurately reporting its Errant Tradeline with an erroneous notation of "account in dispute" on Plaintiff's Trans Union credit file.

10. Plaintiff no longer disputes the Errant Tradelines.

11. On March 25, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed the Errant Tradelines reporting with a notation of "account in dispute."

12. On or about May 15, 2020, Plaintiff submitted a letter to Equifax and Trans Union requesting that the credit bureaus remove the notation of "account in dispute."

13. Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

14. Equifax, Trans Union and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

15. Plaintiff had not received Equifax's nor Trans Union's investigation results. On June 18, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed Equifax, Trans Union and the Furnishers failed or refused to remove the notation of "account in dispute."

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. §

1681, *et seq.*, Plaintiff has suffered damage to her credit, as well as significant emotional damage. Plaintiff experiences undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER**

17. Plaintiff incorporates paragraphs 6-16 herein as if recited verbatim.

18. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute erroneous notations, First Premier negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. 1681s-2(b).

19. First Premier negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 U.S.C. 1681s-2(b), and failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

20. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such tradelines.

21. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. First Premier is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

23. Plaintiff has a private right of action to assert claims against First Premier arising under 15 U.S.C. 1681s-2(b).

    **WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Premier for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

24. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

25. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

26. First Premier willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 U.S.C. 1681s-2(b).

27. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. First Premier is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 U.S.C. 1681n.

   **WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST SAVINGS**

29. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

30. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute erroneous notations, First Savings negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. 1681s-2(b).

31. First Savings negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 U.S.C. 1681s-2(b), and failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

32. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such tradelines.

33. As a direct and proximate cause of First Savings' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. First Savings is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

35. Plaintiff has a private right of action to assert claims against First Savings arising under 15 U.S.C. 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Savings for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST SAVINGS**

36. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

37. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, First Savings willfully refused to conduct a proper reinvestigation of Plaintiff's dispute, and willfully refused to direct Equifax and Trans Union to remove the notation of "account in dispute."

38. First Savings willfully refused to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 U.S.C. 1681s-2(b).

39. As a direct and proximate cause of First Savings' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. First Savings is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive

damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 U.S.C. 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Savings for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PRG

41. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

42. After being informed by Trans Union of Plaintiff's consumer dispute erroneous notations, PRG negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. 1681s-2(b).

43. PRG negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 U.S.C. 1681s-2(b), and failed to direct Trans Union to remove the notation of "account in dispute."

44. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Trans Union to which it is reporting such tradeline.

45. As a direct and proximate cause of PRG's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

46. PRG is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

47. Plaintiff has a private right of action to assert claims against PRG arising under 15 U.S.C. 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PRG for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PRG**

48. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

49. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, PRG willfully refused to conduct a proper reinvestigation of Plaintiff's dispute, and willfully refused to direct Trans Union to remove the notation of "account in dispute."

50. PRG willfully refused to review all relevant information available to it and provided by Trans Union as required by 15 U.S.C. 1681s-2(b).

51. As a direct and proximate cause of PRG willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

52. PRG is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 U.S.C. 1681n.

      **WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PRG for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

53. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

54. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. 1681a.

55. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. 1681e(b).

57. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

60. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

61. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. 1681a.

62. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

63. Equifax willfully refused to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. 1681e(b).

64. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully refused to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

65. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

66. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. 1681n.

   **WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual

damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

67. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

68. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. 1681a.

69. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

70. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. 1681e(b).

71. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

72. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

73. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

   **WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

74. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

75. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. 1681a.

76. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

77. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. 1681e(b).

78. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

79. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

80. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: November 25, 2020

By: */s/ Michael B. Halla*
Michael B. Halla
Texas Bar number 24010082
Attorney at Law
5050 Quorum Dr.
Suite 625

        Dallas, Texas 75254
        Telephone: (512) 626-2749
        Email: mhalla@hallalawfirm.com
        *Attorneys for Plaintiff,*
        *Tamika Drummond*