# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| **TAMIKA DRUMMOND,** | **Case No.:  5:20-cv-01362-DAE** |
| **PLAINTIFF,** | |
| vs. | |
| | **FIRST AMENDED** |
| **EQUIFAX INFORMATION SERVICES, LLC.,** a Georgia limited liability company, | **COMPLAINT** |
| **TRANS UNION, LLC,** an Illinois limited liability company, | **JURY TRIAL DEMAND** |
| **FIRST PREMIER BANK,** a foreign bank, | |
| **FIRST SAVINGS BANK,** a foreign bank, | |
| **PHOENIX RECOVERY GROUP d/b/a TOLTECA ENTERPRISES, INC.,** a domestic corporation, and | |
| **NATIONAL CREDIT ADJUSTERS, LLC,** a foreign limited liability company, | |
| **DEFENDANTS.** | |

NOW COMES THE PLAINTIFF, TAMIKA DRUMMOND, by and through her attorneys of record, and for her First Amended Complaint against the Defendants, would respectfully show the Court as follows:

## JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for a violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Western District of Texas San Antonio Division, pursuant to 28 U.S. Code §1391 as the Defendants have sufficient minimum contacts to conduct business in the State of Texas.

## PARTIES

4. Plaintiff is a natural person residing in the City of San Antonio, Bexar County, Texas.  Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681, *et seq*, at §1681a(c).

5. The Defendants to this lawsuit are:

    a. Equifax Information Services LLC ("Equifax"), a foreign limited liability company that conducts business in the State of Texas and may be served with process through its Registered Agent, Corporation Service Company at 211 E. 7th Street Suite 620, Austin, Texas 78701.

    b. Trans Union, LLC ("Trans Union"), a foreign limited liability company that conducts business in the State of Texas and may be served with

process through its Registered Agent, The Prentice Hall Corporation System at 211 E. 7th Street Suite 620, Austin, Texas 78701.

c.  First Premier Bank ("First Premier"), a foreign bank that conducts business in the State of Texas.

d.  First Savings Bank ("First Savings"), a foreign bank that conducts business in the State of Texas.

e.  Phoenix Recovery Group d/b/a Tolteca Enterprises, Inc. ("PRG"), a domestic corporation that conducts business in the State of Texas and may be served with process through its Registered Agent, Frank Gamboa at 2939 Mossrock, Suite 220, San Antonio, Texas 78230.

f.  National Credit Adjusters, LLC ("NCA"), a foreign corporation that conducts business in the State of Texas and may be served with process through its Registered Agent, Corporation Service Company d/b/a CSC Lawyers Inc. at 211 E 7th St., Suite 620, Austin, Texas 78701.

## **GENERAL ALLEGATIONS**

6.  First Premier, First Savings, PRG and NCA (collectively "Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") with the erroneous and damaging notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit files.

7.  First Premier is inaccurately reporting its Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit files.

8.  First Savings is inaccurately reporting two of its Tradelines with an erroneous notation of "account in dispute." The first Tradeline was reported on Plaintiff's Equifax credit file while the second Tradeline was reported on Plaintiff's Trans Union credit file.

9.  PRG is inaccurately reporting its Tradeline with an erroneous notation of "account in dispute" on Plaintiff's Trans Union credit file.

10. NCA is inaccurately reporting its Tradeline with an erroneous notation of "account in dispute" on Plaintiff's Equifax credit file.

11. Plaintiff no longer disputes the Errant Tradelines.

12. On March 25, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed the Errant First Premier, First Savings and PRG Tradelines reporting with a notation of "account in dispute."

13. On or about May 14, 2020, Plaintiff submitted a letter to Equifax and Trans Union stating that she no longer disputes the Errant First Premier, First Savings, and PRG Tradelines and requesting that the credit bureaus remove the notation of "account in dispute."

14. Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers regarding the Errant First Premier, First Savings and PRG Tradelines. The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

15. Plaintiff did not receive Equifax's or Trans Union's investigation results regarding the Errant First Premier, First Savings and PRG Tradelines. Therefore, on June 15, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed Equifax, Trans Union and First Premier, First Savings and PRG failed or refused to remove the notation of "account in dispute."

16. On June 15, 2020, Plaintiff noticed that the Errant NCA Tradeline was reporting with a notation of "account in dispute." On or about September 28, 2020, Plaintiff submitted a letter to Equifax stating that she no longer disputes the Errant NCA Tradeline and requesting that the credit bureau remove the notation of "account in dispute."

17. Equifax forwarded Plaintiff's consumer dispute to NCA received Plaintiff's consumer dispute from Equifax.

18. Equifax, Trans Union and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

19. Plaintiff had not received Equifax's investigation results regarding the Errant NCA Tradeline. Therefore, on November 12, 2020, Plaintiff obtained her Equifax credit disclosure, which showed Equifax and NCA failed or refused to remove the notation of "account in dispute."

20. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered damage to her credit, as well as significant emotional damage. Plaintiff has experienced humiliation, mental distress and anxiety due to the damage to her reputation from Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

21. Plaintiff incorporates paragraphs 6-16 herein as if recited verbatim.

22. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute erroneous notations, First Premier negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. 1681s-2(b).

23. First Premier negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 U.S.C. 1681s-2(b) and failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

24. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such tradelines.

25. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. First Premier is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

27. Plaintiff has a private right of action to assert claims against First Premier arising under 15 U.S.C. 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against the Defendant First Premier for damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

28. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

29. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

30. First Premier willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 U.S.C. 1681s-2(b).

31. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. First Premier is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 U.S.C. 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a

judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## **COUNT III**

### **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST SAVINGS**

33. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

34. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute erroneous notations, First Savings negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. 1681s-2(b).

35. First Savings negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 U.S.C. 1681s-2(b) and failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

36. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such tradelines.

37. As a direct and proximate cause of First Savings' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. First Savings is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

39. Plaintiff has a private right of action to assert claims against First Savings arising under 15 U.S.C. 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against the Defendant First Savings for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST SAVINGS**

40. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

41. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, First Savings willfully refused to conduct a proper reinvestigation of Plaintiff's dispute, and willfully refused to direct Equifax and Trans Union to remove the notation of "account in dispute."

42. First Savings willfully refused to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 U.S.C. 1681s-2(b).

43. As a direct and proximate cause of First Savings' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

44. First Savings is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 U.S.C. 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against the Defendant First Savings for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PRG

45. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

46. After being informed by Trans Union of Plaintiff's consumer dispute erroneous notations, PRG negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. 1681s-2(b).

47. PRG negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 U.S.C. 1681s-2(b) and failed to direct Trans Union to remove the notation of "account in dispute."

48. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Trans Union to which it is reporting such tradeline.

49. As a direct and proximate cause of PRG's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

50. PRG is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

51. Plaintiff has a private right of action to assert claims against PRG arising under 15 U.S.C. 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against the Defendant PRG for damages, costs, interest, and attorneys' fees.

## **COUNT VI**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PRG**

52. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

53. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, PRG willfully refused to conduct a proper reinvestigation of Plaintiff's dispute, and willfully refused to direct Trans Union to remove the notation of "account in dispute."

54. PRG willfully refused to review all relevant information available to it and provided by Trans Union as required by 15 U.S.C. 1681s-2(b).

55. As a direct and proximate cause of PRG willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

56. PRG is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 U.S.C. 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against the Defendant PRG for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NCA**

57. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

58. After being informed by Equifax of Plaintiff's consumer dispute erroneous notation, NCA negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. 1681s-2(b).

59. NCA negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. 1681s-2(b), and failed to direct Equifax to remove the notation of "account in dispute."

60. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Equifax to which it is reporting such tradeline.

61. As a direct and proximate cause of NCA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

62. NCA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

63. Plaintiff has a private right of action to assert claims against NCA arising under 15 U.S.C. 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against the Defendant NCA for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NCA

64. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

65. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, NCA willfully refused to conduct a proper reinvestigation of Plaintiff's dispute, and willfully refused to direct Equifax to remove the notation of "account in dispute."

66. NCA willfully refused to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. 1681s-2(b).

67. As a direct and proximate cause of NCA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

68. NCA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in

the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 U.S.C. 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against the Defendant NCA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

69. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

70. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. 1681a.

71. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

72. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. 1681e(b).

73. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

74. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

75. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT X</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

76. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

77. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. 1681a.

78. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

79. Equifax willfully refused to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. 1681e(b).

80. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully refused to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

81. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

82. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

83. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

84. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. 1681a.

85. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

86. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. 1681e(b).

87. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

88. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

89. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## **COUNT XII**

## **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

90. Plaintiff incorporates paragraphs 6-16 as if recited verbatim.

91. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. 1681a.

92. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

93. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. 1681e(b).

94. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

95. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

96. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a

judgment against Defendant Trans Union for the greater of statutory or actual

damages, plus punitive damages along with costs, interest, and reasonable

attorneys' fees.

## **COUNT XIII**

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY**

## **NCA AND PRG**

97. Plaintiff reincorporates the preceding allegations One through Eighteen by
reference.

98. At all relevant times Defendants, NCA and PRG, in the ordinary course of
its business, regularly engaged in the practice of collecting debts on behalf
of other individuals or entities.

99. Plaintiff is a "consumer" for purposes of the FDCPA and the account at
issue in this case is a consumer debt.

100.    Defendants, NCA and PRG, are a "debt collector" under the Fair
Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

101.    Defendants' NCA and PRG's foregoing acts in attempting to collect
this alleged debt violated the following provisions of the FDCPA:

a.  15 U.S.C. §1692e by reporting credit information which is known to
be false.

102.     To date, and as a direct and proximate cause of the Defendants'

failure to honor its statutory obligations under the FDCPA, the Plaintiff has

continued to suffer from a degraded credit report and credit score.

Defendant has willfully continued to report false information on the

Plaintiff's credit report.

103.     Plaintiff has suffered economic, emotional, general and statutory

damages as a result of these violations of the FDCPA.


**WHEREFORE, PLAINTIFF PRAYS this Honorable Court** grant

her a judgment against Defendant for statutory damages, actual damages, costs,

interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.


## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.


DATED: January 22, 2021

By: */s/ Michael B. Halla*
    Michael B. Halla
    Texas Bar number 24010082
    Attorney at Law
    5050 Quorum Dr.
    Suite 625
    Dallas, Texas 75254
    Telephone: (512) 626-2749
    Email: mhalla@hallalawfirm.com

*Attorney for Plaintiff,*
*Tamika Drummond*