UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TAMIKA DRUMMOND | * |
| V. | *   No. 20-CV-01362-DAE |
| PHOENIX RECOVERY GROUP DBA TOLTECA ENTERPRISES INC., ET AL | *  * |

**REPLY TO THE RESPONSE ON THEMOTION TO DISMISS**

Defendant files this reply to Plaintiff's Response to the Motion for a more definite statement under Rule 12(e) FRCP; to dismiss this lawsuit because there is a lack of personal jurisdiction over the Defendant under Rule 12(b)(2), FRCP; and, to dismiss the suit under Rule 12(b)(4), (5) FRCP, because the summons was not directed to an officer or person authorized to accept service.

A. <u>Introduction</u>

1. Plaintiff is Tamika Drummond.

2. Plaintiff sued this Defendant under the Fair Credit Reporting Act, 15 USC §1681, et. seq., (the "FCRA").

3. Defendant is unable to file a responsive pleading because the Complaint is vague and lacks fair notice. Defendant should be required to amend its Complaint concerning the proper party.

4. In ¶5e, the Complaint names "Phoenix Recovery Group doing business as Tolteca Enterprises Inc.", a domestic corporation conducting business in the State of Texas. There is no such domestic Texas corporation and no such "dba".

5. Plaintiff has admitted that it erred in naming "Phoenix Recovery Group dba Tolteca Enterprises Inc." as a party to the claims made in this lawsuit. Instead of simply correcting the

mistake by amending its lawsuit to remedy the mistake, Plaintiff files a response and tries to put the burden onto Movant thus inviting a waiver of the motion to dismiss. Movant declines the invitation.

6. This may be a technicality, but the law is full of technicalities and it surely is not Movant's fault that Plaintiff sued a non-existent entity and did not properly serve her complaint. Plaintiff has not satisfied due process.

7. Plaintiff *did not* properly serve Phoenix's registered agent. The registered agent for process is not Frank Gamboa. Chris Haines is the registered agent for the entity named "Tolteca Enterprises Inc.", a Texas corporation, doing business as The Phoenix Recovery Group. (*See, Attached Exhibit Texas Secretary of State*) Plaintiff did not do a proper search with the Texas Secretary of State which maintains official business filings for Texas entities. A Franchise Tax Account Status exhibit is no proof of who the proper registered agent is of a Texas entity. The Franchise Tax Account Status plainly warns, "This page is valid for most business transactions, but is *not sufficient* for filings with the Secretary of State". (*See, Plaintiff's Exhibit 1, 2, Franchise Tax Account Status*).

8. Plaintiff has the burden of establishing personal jurisdiction. Plaintiff has not carried her burden in this regard. *Gundle Lining Constr. V. Adams Cty. Asphalt, Inc.,* 85 F.3d 201, 204 (5th Cir. 1996). There is no personal jurisdiction because it is simply impossible to have personal jurisdiction over a non-existent company. There are no Texas Secretary of State records showing there is a corporation named, "The Phoenix Recovery Group" and there is no dba named, "Tolteca Enterprises Inc.". While Plaintiff may have made a mistake, that is a significant mistake because suing a non-existent entity and not serving the correct registered agent is invalid as a matter of law and violates substantive due process. *Commonwealth of Puerto Rico v. SS Zoe Colocotroni* 628 F.2d

625 (1ˢᵗ Cir. 1980)(service on an entity is not proper when the service is directed to a person who is not an officer or agent authorized to accept service of process). Without jurisdiction over the person, the court cannot render a valid decree. *American Tel. & Tel. Co. v. Merry,* 592 F.2d 118 (2ⁿᵈ Cir. 1979). Service of a proper summons is necessary for the court to exercise personal jurisdiction. *Omni Capital Int'l v. Rudolph Wolff & Co.,* 484 U.S. 97, 104 (1987). Plaintiff did not satisfy this basic procedural requirement. Plaintiff's lawsuit is a nullity and must be dismissed.

10. Erroneously, Plaintiff asserts that in other lawsuits hoenix has admitted it is a corporation. Untrue and demonstrably false. Phoenix has never been or claimed to be a Texas corporation. The other lawsuits are always "Tolteca Enterprises *Inc., dba Phoenix Recovery Group"*.

The other lawsuits are plainly against a corporation named "Tolteca" doing business as "Phoenix Recovery Group".

11. Amending the complaint and serving the correct party is hardly a difficult chore for Plaintiff. The rules of personal jurisdiction and proper service are important to all persons. Plaintiff just does not get a pass on the matter. For Tolteca not to have made its motion to dismiss would be a waiver on Tolteca's part. *Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703 (1982)(lack of personal jurisdiction can be waived). Thus, the Motion to Dismiss is a proper pleading because Plaintiff's failed to do its lawsuit correctly. *O'Brien v. R.J. O'Brien & Assoc.,* 998 F.2d 1394, 1399 (7ᵗʰ Cir. 1993); *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 102-104 (1987); *Wenz v. Memery Crystal,* 55 F.3d 1503, 1506-1507 (10ᵗʰ Cir. 1995).

12. Regarding the matter of a more definite statement, Plaintiff basically argues that Movant can figure out what the complaint is. Movant cannot just figure out Plaintiff's lawsuit. Movant has to guess as to when Transunion sent anything to Movant, if anything was really sent. Making things

worse, Plaintiff' lawsuit is mired in obscurity since the Plaintiff did not sue an existing entity and did not direct summons to the correct registered agent.  Furthermore, without having Plaintiff's identifying information[1], Movant (or Tolteca) is unable to search its data base for the Plaintiff.

13.  Plaintiff contends it is an irrelevant "red herring" regarding the nature of the dispute.  To the contrary, it is very relevant for Defendant to be informed as to what tradeline was disputed and then was no longer disputed.  If the tradeline is not identified, there is no fair notice about Plaintiff's claim.

14.  Furthermore, the data base of Tolteca Enterprises Inc., dba The Phoenix Recovery Group does not support the Plaintiff's assertion that she had a tradeline reported by Tolteca Enterprises Inc., dba The Phoenix Recovery Group.  Unless Movant (and Tolteca Enterprises Inc., dba The Phoenix Recovery Group) has a better indication of the nature and identity of the disputed tradeline (which Plaintiff says she reversed course on), and unless there is a fair allegation as to which account Plaintiff alludes to, Movant (and Tolteca Enterprises Inc., dba The Phoenix Recovery Group) does not have sufficient information to respond Plaintiff's claims of a FCRA violation.  And, to make matters worse, Movant (and Tolteca Enterprises Inc., dba The Phoenix Recovery Group) does have a substantial problem in identifying in its data base any account for Plaintiff and any linkage to the Transunion credit bureau. (*See, Exhibit, Declaration of Chris Haines*).

WHEREFORE, Defendant "Phoenix Recovery Group" asks the court to dismiss this lawsuit.

---

[1]Such as her social security number and date of birth.

        S/Thomas (Tom) A. Clarke
Texas Bar No. 04318600
8026 Vantage Drive, Suite 105
San Antonio, Texas 78230
210/340-8448
210/348-7946 fax
tclarkeatty7@aol.com

Attorney in Charge for Tolteca Enterprises Inc.

## CERTIFICATE OF SERVICE

    I certify that on April 2, 2021, the foregoing Reply and exhibits were filed with the court's CM/ECF electronic filing system which will give electronic notice of this to Plaintiff's attorney of record, Michael B. Halla.

    S/Thomas A. Clarke