UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAMIKA DRUMMOND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 5:20–CV–1362–DAE |
| | § | |
| EQUIFAX INFORMATION | § | |
| SERVICES, LLC, a Georgia limited | § | |
| liability company; FIRST PREMIER | § | |
| BANK, a foreign bank; FIRST | § | |
| SAVINGS BANK; PHOENIX | § | |
| RECOVERY GROUP, a domestic | § | |
| corporation d/b/a Tolteca Enterprises, | § | |
| Inc.; and NATIONAL CREDIT | § | |
| ADJUSTERS; | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING CRA DEFENDANTS' MOTION TO DISMISS (DKT. # 9);
GRANTING FIRST PREMIER'S MOTION TO DISMISS (DKT. # 24);
GRANTING FSB'S MOTION TO DISMISS (DKT. # 31); GRANTING NCA'S
MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. # 53);
DENYING WITHOUT PREJUDICE PRG'S MOTION FOR A MORE DEFINITE
STATEMENT, TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
AND TO DISMISS FOR LACK OF PROPER SERVICE OF PROCESS (DKTS.
## 38, 39); AND SETTING DEADLINE FOR PLAINTIFF'S RESPONSE

Before the Court are the following motions: Defendants Equifax

Information Services, LLC's ("Equifax") and Trans Union LLC's ("Trans Union")

(collectively, the "CRA Defendants") Motion to Dismiss (Dkt. # 9), Defendant

First Premier Bank's ("First Premier") Motion to Dismiss the First Amended

1

Complaint (Dkt. # 24), First Savings Bank's ("FSB") Motion to Dismiss (Dkt. # 31), Phoenix Recovery Group's ("PRG") Motion for a More Definite Statement, to Dismiss for Lack of Personal Jurisdiction, and to Dismiss for Lack of Proper Service (Dkts. ## 38, 39), and Defendant National Credit Adjusters, LLC's ("NCA") Motion for Judgment on the Pleadings (Dkt. # 53).  The Court finds these matters suitable for disposition without a hearing.  After careful consideration of the motions and the memoranda filed in support of and against the motions, the Court **GRANTS** Equifax and Trans Union's Motion to Dismiss (Dkt. # 9), **GRANTS** First Premier's Motion to Dismiss (Dkt. # 24), **GRANTS** FSB's Motion to Dismiss (Dkt. # 31), and **GRANTS** NCA's Motion for Judgment on the Pleadings (Dkt. # 53).  The Court **DENIES WITHOUT PREJUDICE** PRG's Motion for a More Definite Statement, to Dismiss for Lack of Personal Jurisdiction, and to Dismiss for Lack of Proper Service (Dkts. ## 38, 39).

<u>BACKGROUND</u>

This case arises out of a consumer credit dispute between Plaintiff Tamika Drummond ("Plaintiff") and Defendants.[1]  The following facts are taken from Plaintiff's First Amended Complaint and are accepted as true for purposes of determining the motions before the Court.

---

[1] "Defendants" refers to all of the defendants in this case including Equifax, Trans Union, First Premier, FSB, NCA, and PRG.

In the spring of 2020, Plaintiff obtained credit disclosures from Equifax and Trans Union, and noticed multiple tradelines reported notations of "account in dispute."  (Dkt. # 6.)  On May 14, 2020, Plaintiff submitted a letter to Equifax and Trans Union stating that "she no longer disputes" the First Premier, First Savings, and PRG tradelines and requests that the credit bureaus remove the notation of "account in dispute."  (Id.)  On September 28, 2020, Plaintiff submitted a letter to Equifax stating that "she no longer disputes" NCA and requested that the credit bureau remove the notation of "account in dispute."  (Id.)  According to Plaintiff, Equifax and Trans Union then forwarded Plaintiff's disputes to the furnishers of the information in the tradelines.  (Id.)  Although the furnishers received the notice from Equifax and Trans Union, the notation was not removed. (Id.)  Plaintiff alleges that she has suffered credit and emotional damage.  (Id.)

Plaintiff filed this lawsuit in federal court on November 25, 2020. (Dkt. # 1.)  She filed her First Amended Complaint, the operative complaint in this case, on January 22, 2021.  (Dkt. # 6.)  She alleges that the CRA Defendants negligently and willfully violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i of the Fair Credit Reporting Act ("FCRA").  She alleges that First Premier, FSB, NCA, and PRG negligently and willfully violated 15 U.S.C. § 1681s-2(b) of the FCRA. She further claims that NCA and PRG additionally violated 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act ("FDCPA").

The matters before the Court are Defendants' motions to dismiss; motion for judgment on the pleadings; and motion for a more definite statement, to dismiss for lack of jurisdiction, and to dismiss for improper service.  (Dkts. ## 9, 24, 31, 38, 39, 53.)  All of the motions are now ripe for review.

<u>DISCUSSION</u>

The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."[2]  15 U.S.C. § 1681(b).  "The Act defines a complex set of rights and obligations that attend the relationships among and between the provider of a credit report, the user of that information and the consumer who is made the subject of such a report."  <u>Sepulvado v. CSC Credit Servs., Inc.</u>, 158 F.3d 890, 895 (5th Cir. 1998).  Section 1681o of the FCRA

---

[2] A credit reporting agency is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties."  15 U.S.C. § 1681a(f).  The parties do not dispute that Equifax and Trans Union are both credit reporting agencies.

creates a private right of action for negligent violations of the Act, while § 1681n

provides a similar remedy for willful violations.  "The FCRA is to be liberally

construed in favor of the consumer."  <u>Wagner v. TRW, Inc.</u>, No. 97–30601,

1998 WL 127812, at *1 (5th Cir. Mar. 4, 1998) (per curiam).

      The FDCPA was enacted in part "to eliminate abusive debt collection

practices by collectors."  15 U.S.C. § 1692(e); <u>Calogero v. Shows, Cali & Walsh,</u>

<u>LLP</u>, 970 F.3d 576, 581 (5th Cir. 2020).  "Prohibited practices include conduct

designed to 'harass, oppress, or abuse any person in connection with the collection

of the debt,' . . . and the use of 'false, deceptive, or misleading representation or

means in connection with the collection of any debt.'"  <u>Calogero</u>, 970 F.3d at 581

(quoting 15 U.S.C. § 1692d and 15 U.S.C. § 1692e).

I.    <u>The CRA Defendants' Motion to Dismiss</u>

      The CRA Defendants filed their joint motion to dismiss on February

16, 2021.  (<u>See</u> Dkt. # 9.)  Although Trans Union has since been dismissed as a

party from this lawsuit (Dkt. # 57), the Court will address this motion as it pertains

to Plaintiff's claims against Equifax.

A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In analyzing whether to grant a 12(b)(6) motion, a court accepts as true "all well-pleaded facts" and views those facts "in the light most favorable to the plaintiff."  United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (citation omitted).  A court need not "accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678.

B.    Section 1681i Claim

Section 1681i(a) of the FCRA provides that if a consumer disputes the completeness or accuracy of any item in her file, a credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information,

or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A); Ostiguy v. Equifax

Info. Servs., LLC, No. 16-CV-790-DAE, 2017 WL 1842947, at *3 (W.D. Tex.

May 4, 2017).  The statute further provides,

> If, after any reinvestigation under paragraph (1) of any
> information disputed by a consumer, an item of the information
> is found to be inaccurate or incomplete or cannot be verified, the
> consumer reporting agency shall—(i) promptly delete that item
> of information from the file of the consumer, or modify that item
> of information, as appropriate, based on the results of the
> reinvestigation; and (ii) promptly notify the furnisher of that
> information that the information has been modified or deleted
> from the file of the consumer.

15 U.S.C. § 1681i(a)(5).  "In a reinvestigation of the accuracy of credit reports, a

credit bureau must bear some responsibility for evaluating the accuracy of

information obtained from subscribers."  Stevenson v. TRW Inc., 987 F.2d 288,

293 (5th Cir. 1993).

"[C]ase law and common sense dictate that a consumer may bring a

claim under [section 1681i(a) of the FCRA] only when an inaccuracy has been

included on his credit report."  Ostiguy, 2017 WL 1842947, at *3; Morris v.

Trans Union LLC, 420 F. Supp. 2d 733, 751 (S.D. Tex. 2006); see Norman v.

Experian Info. Sols., Inc., No. 3:12-CV-128-B, 2013 WL 1774625, at *4

(N.D. Tex. Apr. 25, 2013) (holding that a plaintiff must prove that his consumer

report included inaccurate information to succeed on a section 1681i claim);

see also DeAndrade v. Trans Union LLC, 523 F.3d 61, 67 (1st Cir. 2008) ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail."). Absent such an inaccuracy, "no damages proximately caused by an FCRA violation would result."[3] Morris, 420 F. Supp. 2d at 751 (citing Hyde v. Hibernia Nat'l Bank in Jefferson Parish, 861 F.2d 446, 448 (5th Cir. 1988)).

A credit entry is "inaccurate" within the meaning of the FCRA if it is (1) "patently incorrect," or (2) "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Sepulvado, 158 F.3d at 895.

---

[3] In some cases, this may create a standing issue. The U.S. Supreme Court recently held that plaintiffs must show a concrete injury even in the context of a statutory violation. TransUnion LLC v. Ramirez, No. 20-297, 2021 WL 2599472, at *8 (June 25, 2021). In other words, "[a]n injury in law is not an injury in fact." Id. In this case, Plaintiff has alleged in her Complaint that she has suffered damage to her credit and reputation. (Dkt. # 6.) Monetary harms readily qualify as concrete injuries under Article III, and various intangible harms—like reputational harms—can also be concrete. TransUnion LLC, 2021 WL 2599472, at *7. At this stage of the litigation, the Court finds that Plaintiff has alleged sufficient facts to establish standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990))).

Plaintiff's allegation that she "no longer disputes the notation" is not an inaccuracy—it is a change in circumstances.  The fact that Plaintiff no longer disputes the notation does not render the original notation "patently incorrect" or even "misleading."  See Sepulvado, 158 F.3d at 895.  It is irrelevant that Plaintiff labelled the issue as an "inaccuracy" in her complaint because although the Court must accept the Plaintiff's allegations in her Complaint as true, it need not accept legal conclusions couched as factual allegations.  See Iqbal, 556 U.S. at 678.  Thus, the Court will not accept Plaintiff's erroneous characterization of the issue as an "inaccuracy."

Notwithstanding the nonexistence of any inaccuracy, the factual allegations in Plaintiff's Amended Complaint are scarce at best.  In support of her §1681i claims against the CRA Defendants, Plaintiff merely alleges "Equifax [and Trans Union] negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. [§] 1681i."  (Dkt. # 6.)  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a cause of action.  Iqbal, 556 U.S. at 678.  Accordingly, the Court will dismiss Plaintiff's §1681i claim against Equifax.

C.    Section 1681e(b) Claim

Section 1681e(b) of the FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  Like § 1681i claims, § 1681e claims require the existence of an inaccuracy in the credit report. Sepulvado, 158 F.3d at 895; see Toliver v. Experian Info. Sols., Inc., 973 F. Supp. 2d 707, 715 (S.D. Tex. 2013) (citing Washington v. CSC Credit Servs., Inc., 199 F.3d 267 n.3 (5th Cir. 2000)) (emphasis added); see also Shaunfield v. Experian Info. Sols., Inc., 991 F. Supp. 2d 786, 798 (N.D. Tex. 2014) ("To recover for violations of § 1681e(b), a plaintiff must demonstrate that an *inaccuracy in her credit report* resulted from [the agency's] negligent or willful failure to use reasonable procedures when the report originally was prepared, not upon reinvestigation." (emphasis added) (internal quotations omitted)).  "[T]he plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared."  Sepulvado, 158 F.3d at 896.

As stated above, Plaintiff's claims that she no longer disputes the notation does not allege an inaccuracy in her credit report.  And like her § 1681i claims, Plaintiff's § 1681e(b) claims are supported only by conclusory allegations. (See Dkt. # 6.)  For example, she alleges the following in support of her § 1681e claims:

> Equifax [and Trans Union] negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. [§] 1681e(b).

> Equifax [and Trans Union] willfully refused to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. [§] 1681e(b).

(Dkt. # 6.)  These statements, which merely incorporate the elements of her § 1681e(b) claims, are insufficient to survive a motion to dismiss.  Because Plaintiff has failed to state a claim against Equifax, the Court will grant the CRA Defendants' motion to dismiss and dismiss all of Plaintiff's claims against Equifax.

II.     First Premier and FSB's Motions to Dismiss

First Premier and FSB argue that the Court should dismiss Plaintiff's claims because (1) Plaintiff cannot state a § 1681s-2(b) claim based on allegations that a consumer "no longer disputes the tradeline"; (2) a duty to investigate cannot be triggered by a withdrawal of a dispute; and (3) Plaintiff failed to allege that a

reasonable investigation would have revealed specific information showing that the furnishers' reporting was incomplete or inaccurate.  (<u>See</u> Dkts. ## 24, 31.)  The Court will apply the Rule 12(b)(6) standards explained above when analyzing First Premier and FSB's motions to dismiss.

Section 1681s-2(b) requires, among other things, that after a furnisher receives notice of a dispute concerning the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall conduct an investigation and report the results of the investigation to the consumer reporting agency.  <u>See</u> 15 U.S.C. § 1681s-2(b)(1).  Any private right of action under § 1681s-2(b) requires proof that a consumer reporting agency notified the furnisher pursuant to § 1681i(a)(2).[4]  <u>Young v. Equifax Credit Info. Servs., Inc.</u>, 294 F.3d 631, 639 (5th Cir. 2002); <u>see</u> <u>Davis v. Sallie Mae, Inc.</u>, No. 3:09-CV-00821-B, 2009 WL 2525303, at *3 (N.D. Tex. Aug. 18, 2009).

To maintain a private right of action against a furnisher under section 1681s-2(b), a plaintiff must demonstrate: "(1) [she] notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency notified [the furnisher] of the dispute; (3) [the furnisher] failed to conduct an investigation,

_____

[4] Under § 1681i(a)(2), when a credit reporting agency receives notice of a dispute from a consumer, it must forward that notice to the furnisher.

correct any inaccuracies[,] and failed to notify the consumer reporting agency of the results of the investigation." Ostiguy, 2017 WL 1842947, at *5.  As other courts have noted, § 1681s-2(b) requires the existence of a factual inaccuracy.  Id.

The Court finds that Plaintiff failed to state a § 1681s-2(b) claim against First Premier or FSB.  Plaintiff alleges that her letter to the CRA Defendants stated that "she no longer disputes" the tradelines and requested that "the credit bureaus remove the notation of 'account in dispute.'"  (Dkt. # 6.) Requesting that a notation be removed is not inaccurate information that can form the basis of a § 1681s-2(b) claim.  See Briscoe v. Equifax Info. Servs., LLC, No. 1:20-CV-02239, 2020 WL 10046994, at *8 (N.D. Ga. Oct. 27, 2020) report and recommendation adopted, 2021 WL 2376663 (N.D. Ga. Jan. 12, 2021) (holding that the plaintiff's request to remove the "account in dispute" notation failed to "explicitly challenge the accuracy or completeness of any of the credit information" the furnisher provided or "ask for any investigation or reinvestigation (by either [the CRA] or [the furnisher])").  Further, as one court explained,

> It is difficult to see how Plaintiff can allege that she was harmed by [the furnisher's] 'account in dispute' notation when she was the one who initiated the dispute in the first place and could have—but deliberately chose not to—inform [the furnisher] (either directly or indirectly) that she wanted [the furnisher] to remove the dispute notation because she no longer disputed the account.[5]

Briscoe, 2020 WL 10046994, at *8.  In other words, even if First Premier and FSB had investigated, their records would reveal only the existence of the dispute because Plaintiff informed the CRA Defendants—not the furnishers—that she no longer disputed the accounts.  Accordingly, the Court will grant First Premier and FSB's Motions to Dismiss.

III.   NCA's Motion for Judgment on the Pleadings

In its motion for judgment on the pleadings, NCA argues that Plaintiff's FCRA and FDCPA claims must be dismissed.  (Dkt. # 53.)  The Court will address each claim in turn.

---

[5] In her First Amended Complaint, Plaintiff failed to specify whether she informed the CRA Defendants or the furnishers of the original dispute.  (See Dkt. # 6.) Plaintiff now attempts to use her lack of specificity as an argument to skirt around case law that holds that a plaintiff does not have a claim against the furnisher where the plaintiff directly reported the dispute to the furnisher but later notified the credit reporting agency that the account was no longer in dispute.  The Court finds that even if this distinction were relevant (although it is likely not), it would not be appropriate to reward Plaintiff for concealing facts from the Defendants and the Court by allowing her to then use the nonexistence of those facts as a shield to prevent dismissal.

A.     <u>Legal Standard</u>

"A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." <u>Hebert Abstract Co. v. Touchstone Props., Ltd.</u>, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam).  The standard for deciding a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007).  Thus, the Court will apply the same legal standards that it used to analyze the motions to dismiss discussed above.

B.     <u>FCRA Claim</u>

NCA makes many of the same arguments that First Premier and FSB made in their motions to dismiss.  NCA argues that Plaintiff's § 1681s-2(b) claims must be dismissed because Plaintiff never directly informed NCA that she no longer disputed the account and NCA had nothing to investigate.  (<u>See</u> Dkt. # 53.)

As explained above, Plaintiff's FCRA claim fails.  Plaintiff has not alleged that the furnishers failed to investigate "inaccurate" information, she merely alleges that she "no longer disputed" the accounts.  Additionally, NCA would not have had anything to investigate.  Because Plaintiff informed only the

CRA Defendants that she no longer disputed the tradelines, any investigation by NCA would have merely revealed that she disputed the account.  Thus, the Court grants NCA's motion with respect to Plaintiff's FCRA claim.

  C. <u>FDCPA Claim</u>

    Plaintiff's First Amended Complaint does not specify which subsection of 15 U.S.C. § 1992e NCA allegedly violated, but the parties agree in their memoranda that the only section applicable here is 15 U.S.C. § 1692e(8). (<u>See</u> Dkts. ## 53, 54.)  Thus, the Court will evaluate whether Plaintiff has stated a § 1692e(8) claim.

    Under section 1692e(8),

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> > (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).  Courts have held that in order to state an actionable claim under § 1692e(8), the plaintiff must show that "a debt collector who knows or should know that a given debt is disputed to disclose its disputed status to persons inquiring about a consumer's credit history."  <u>Sayles v. Advanced Recovery Sys.,</u>

Inc., 865 F.3d 246, 249 (5th Cir. 2017) (quoting Brady v. Credit Recovery Co.,

160 F.3d 64, 67 (1st Cir. 1998)).  Courts have also held that under § 1692e(8), "if a

debt collector elects to communicate 'credit information' about a consumer, it must

not omit a piece of information that is always material, namely, that the consumer

has disputed a particular debt"; however, it does not require a debt collector to

update a credit reporting agency about a dispute that is raised by a consumer after

the fact.  Wilhelm v. Credico, Inc., 519 F.3d 416, 418 (8th Cir. 2008); see also

Moreno v. Perfection Collection, LLC, No. H-18-2757, 2018 WL 6334837, at *5

(S.D. Tex. Dec. 5, 2018).

   As Plaintiff argues in her response, "Plaintiff claims that NCA

violated 15 U.S.C. § 1692e(8) by knowingly reporting false credit information to

Equifax; namely, that Plaintiff still disputed the account though she did not."

(Dkt. # 54.)  Plaintiff's allegations do not state a §1692e(8) claim.  Even accepting

Plaintiff's allegations as true, NCA did not "knowingly report false credit

information" because NCA was only aware of the original dispute—Plaintiff

informed only Equifax that she no longer disputed the account.  In other words,

any information that NCA gave to Equifax concerning whether to continue to

report the account as disputed would not have been "false," it merely would have

been the only information NCA possessed concerning Plaintiff's debt.  In fact, it is very possible NCA would have violated § 1692e(8) if it failed to inform Equifax that Plaintiff's debt was disputed.

Plaintiff's allegations in support of her FDCPA claim against NCA are nothing more than mere conclusory allegations.  With respect to NCA's alleged actions, Plaintiff merely states that NCA's "foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA: 15 U.S.C. § 1692e by reporting credit information which is known to be false."  (Dkt. # 6.)

Although Plaintiff states that she may file another amended complaint "to address the failure to plead NCA's continued reporting of the dispute on November 1, 2020," this will not "remedy the pleadings" as Plaintiff suggests. (Dkt. # 54.)  Plaintiff, even after amending the complaint once, has withheld facts from the Defendants and the Court in order to circumvent case law that supports dismissal of Plaintiff's claims.  The scarcity of facts in Plaintiff's First Amended Complaint has done nothing but leave room for conclusory allegations that recite the bare elements of her claims.  Because allowing Plaintiff to amend her complaint would prejudice the Defendants, waste the Court's resources, and unnecessarily put off the inevitable, Plaintiff will not be given another opportunity to state her claims.

Accordingly, the Court will grant NCA's motion for judgment on the pleadings.

IV.   PRG's Motion for a More Definite Statement, to Dismiss for Lack of Personal Jurisdiction, and to Dismiss for Lack of Proper Service of Process

Instead of filing a motion to dismiss Plaintiff's claims on the merits, PRG filed a motion for a more definite statement, to dismiss for lack of personal jurisdiction, and to dismiss for lack of proper service of process. (Dkts. ## 38, 39.) However, it appears that there is no need to consider the motion because the arguments raised in First Premier, FSB, and NCA's motions would also apply to PRG.

As a general rule, "[e]ven if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." Century Sur. Co. v. Blevins, 799 F.3d 366, 372 (5th Cir. 2015) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure—Civil § 1357 (3d ed. 2004)). In the Fifth Circuit, fairness in this context requires both notice of the court's intention and an opportunity to respond. Anokwuru v. City of Hous., 990 F.3d 956, 967 (5th Cir. 2021). In some cases, notice is not required if plaintiff has alleged his best case.

Id.  The Fifth Circuit has recently explained that "[a]t some point a court must decide that a plaintiff has had fair opportunity to make h[er] best case, and if, after that time, a cause of action has not been established, the court should finally dismiss the suit."  Id. (quoting Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986)).

Although the Court feels that Plaintiff has already been given an adequate opportunity to address the arguments made by the Defendants in this case, the Court will give Plaintiff another opportunity to explain to the Court why her claims against PRG should not be dismissed for the same reasons the Court provides for dismissing Plaintiff's claims against the other furnisher defendants. Plaintiff will have fourteen days to file a response.

Accordingly, the Court will deny without prejudice Defendant PRG's motion to refiling after the Court decides whether Plaintiff's claims against PRG should be dismissed for the reasons stated above.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the CRA Defendants' Motion to Dismiss (Dkt. # 9), First Premier's Motion to Dismiss (Dkt. # 24), FSB's Motion to Dismiss (Dkt. # 31), and NCA's Motion for Judgment on the Pleadings (Dkt. # 53).  Plaintiff's claims against Defendants Equifax, First Premier, FSB, and NCA shall be **DISMISSED WITH PREJUDICE**.

The Court **DENIES WITHOUT PREJUDICE** PRG's Motion for a More Definite Statement, to Dismiss for Lack of Jurisdiction, and Lack of Proper Service of Process (Dkts. ## 38, 39).  Plaintiff shall have **fourteen (14) days** from the date of this Order to file a response that explains why her claims against PRG should not be dismissed for the same reasons that the Court provides in this Order for dismissing Plaintiff's claims against the other furnisher defendants.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 14, 2021.


_____
David Alan Ezra
Senior United States District Judge